IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERONICA GARCIA and MICHAEL GARCIA, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. H-12-2242 |
| GMAC MORTGAGE, LLC, | § § § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pending is Defendant's Rule 12(c) Motion for Judgment on the Pleadings (Document No. 5), in which Defendant maintains that Plaintiffs have failed to state any claim for which relief may be granted. Plaintiffs have not filed a response in opposition to Defendant's Motion for Judgment on the Pleadings, despite being given an extension of time, until November 30, 2012, to do so.

Having considered Defendant's Motion, the absence of a response to that motion,[1] Plaintiffs' allegations in their pleadings, and the applicable law, the Court ORDERS[2], for the reasons set forth below, that Defendants' Motion for Judgment on the Pleadings (Document No. 5) is GRANTED and Plaintiffs' claims are all DISMISSED for failure to state a claim.

---

[1] Under the Local Rules of this District, Local Rule 7.4, a party's failure to file a response to a motion within the time allowed for (21 days) is construed as non-opposition to the motion.

[2] On November 29, 2012, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 10.

I.     **Background and Procedural History**

On July 13, 2012, Plaintiffs Veronica Garcia and Michael Garcia ("the Garcias") initiated this suit in the 164th District Court of Harris County, Texas, Cause No. 2012-40265, against GMAC Mortgage LLC, complaining about the foreclosure on their residence. The Garcias generally alleged in their "Original Petition, Application for Temporary Restraining Order and Request for Temporary Injunction" (hereafter referred to as "Petition") that they fell behind on their mortgage payments, they applied for a loan modification, they relied on statements made by a representative of Fannie Mae that the scheduled foreclosure would not take place while they had a loan modification pending, and that Defendant, despite its representations to the contrary, foreclosed on their residence on April 5, 2011. The Garcias set forth eight "counts" against Defendant: (1) fraud; (2) wrongful foreclosure due to fraud; (3) wrongful foreclosure due to failure to properly notice; (4) slander of title; (5) promissory estoppel; (6) unreasonable collection; (7) an accounting; and (8) "temporary and final injunctive orders concerning use of the subject property." Petition, attached to Defendant's Notice of Removal (Document No. 1) as Exhibit "A".

Defendant timely removed the case to this Court on the basis of diversity and filed an Answer. Defendant then filed a Motion for Judgment on the Pleadings, arguing that Plaintiffs' claims of fraud, wrongful foreclosure, slander of title, and accounting have been inadequately pled, and fail as a matter of law. The Garcias have not, to this date, filed a response to Defendant's Motion for Judgment on the Pleadings, and have not sought leave to amend their pleading.

**II.     Standard of Review**

Pursuant to FED. R. CIV. P. 12(h), a defending party may move for dismissal of a claim "for failure to state a claim upon which relief can be granted" with a Rule 12(c) motion for judgment on the pleadings.  When such a motion is made, the standards provided for under Rule 12(b)(6) and the cases interpreting it are to be applied.  *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209-210 (5th Cir. 2010).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)).  Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

## III.  Discussion

The Garcias' live pleading is the original state court petition they filed in the 164th District Court of Harris County. In that petition, the Garcias allege seven claims: (1) fraud; (2) wrongful foreclosure due to fraud; (3) wrongful foreclosure due to failure to properly notice; (4) slander of title; (5) promissory estoppel; (6) unreasonable collection; and (6) an accounting. They seek damages and both declaratory and injunctive relief.[3] The general allegations in the Petition in support of the Garcias' claims are as follows:

> 6.  Plaintiffs owned a home and property in Harris County, Texas located at 7818 Holly Berry Court, Cypress, Texas 77433 ("the subject property"). The property was purchased in January 2005, with financing from Amerigroup Mortgage Corporation. The legal description is as follows:
>
>    LOT EIGHTY (80), IN BLOCK THREE (3), OF YAUPON RANCH SEC. 1, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 51876, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.
>
> 7.  Plaintiffs had been consistently meeting their monthly mortgage obligations until Mr. Garcia became unemployed. Plaintiffs therefore became a one income family and meeting the mortgage obligation became challenging.

---

[3] The Garcias have set forth as a "count," their request for temporary and final injunctive orders concerning use of the subject property." Petition at 6. This is not a separate, substantive claim, but rather a form of requested relief.

8.     In December 2010, Plaintiffs decided to request a loan modification through a third party company, Residential Relief Foundation. Ultimately, that company was shut down by the government and Plaintiffs had to handle the loan modification themselves.

9.     Plaintiffs completed the paperwork for the modification and sent it in to the Defendant in December 2010. Defendant informed Plaintiffs that their modification was denied at that time and no foreclosure was pending. At the end of February, Plaintiffs contacted Defendant to ask about doing a short sale, however Defendant offered another modification to the Plaintiffs. Plaintiffs were told that they didn't qualify for the Obama Modification Relief Program because they had to be behind three months on their mortgage.

10.    Plaintiff discussed their financial situation with Defendants representatives and they encouraged Plaintiffs to once again re-apply for a loan modification. A representative of Fannie Mae (Sherronda) contacted Plaintiffs to help them thru [sic] the loan modification process. The representative promised to help Plaintiffs keep their home with their current financial status.

11.    Plaintiffs sent in all required paperwork to Fannie Mae and Defendant GMAC and they acknowledged that everything was received. Representatives of GMAC and Fannie Mae assured Plaintiffs that the foreclosure scheduled would be postponed due to their modification being in review. When contacted on Monday, April 4, 2011, Fannie Mae's representative (Sherronda) said she was talking to GMAC to stop the foreclosure and that she would contact Plaintiffs the next day, April 5, 2011, which was the foreclosure day. When Plaintiffs contacted Sherronda the next day she informed them that she couldn't stop the foreclosure.

12.    In reliance on Defendant's representations, Plaintiffs understood that the April 5, 2011 foreclosure would not occur since they were still in the process of applying for a modification. In reliance on this representation and understanding, Plaintiffs did not pay more money to Defendant, nor did they retain a bankruptcy attorney to file a Chapter 13 bankruptcy prior to April 5, 2011. Had Plaintiffs known that Defendant's representations were false and misleading, Plaintiffs would have made a larger payment to Defendant or would have filed for bankruptcy protection prior to the foreclosure date.

13.    It is believes that THE [sic] Defendant intentionally misrepresented its intentions to Plaintiffs in order to prevent Plaintiffs from seeking relief through bankruptcy prior to foreclosure.

14.    On April 5, 2011, Defendant proceeded to institute a Substitute Trustee's sale to itself.

15. Based on Defendant's foreclosure, Plaintiff[s'] credit has been damaged resulting in an inability to obtain a loan for purposes of buying back the subject property or buying any other property. As a result, Plaintiffs are unable to finance another home.

16. Plaintiffs have never been provided with a copy of any conveyance from the original mortgage institution, Amerigroup Mortgage Corporation to Defendant GMAC Mortgage, LLC, either directly or through successors in interest. It is believed that Defendant cannot provide original documentation showing a transfer of rights, authorization to institute foreclosure proceedings by the previous and present owner of [the] promissory note and that Defendant's actions were a slander of Plaintiff's title to the subject property.

17. As a result of Defendant's conduct, Plaintiffs have been damaged through the loss of clear title to the subject property. Additionally, Plaintiffs may lose the right to possession of the subject property on a temporary basis which will cause them to incur additional expense in relocation and obtaining an alternate dwelling, and which will subject them to damage from the loss of their residence.

18. As a result of Defendant's conduct, Plaintiffs have sustained damages due to the impairment of their credit.

19. As a result of Defendant's conduct, Plaintiffs have suffered mental anguish and stress connected with the potential loss of their home.

Petition at 2-4. It is within the context of these allegations, and the additional allegations that follow each claim, that the Court is to consider whether the Garcias have stated claims for fraud, wrongful foreclosure, slander of title, promissory estoppel, unreasonable collection, and an accounting.

### A.     Fraud

In support of their fraud claim, the Garcias allege that "Defendant's conduct as cited above constitutes common law fraud used to obtain title to Plaintiff[s'] home. Accordingly, Plaintiffs ask this Court through equity to restore title to Plaintiffs. In the alternative, Plaintiffs ask[] that the Court award judgment for actual and punitive damages sustained as a result of Defendant's conduct." Petition at 4.

6

A common law action for fraud in Texas requires proof of "(1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).  In addition, in pleading a cause of action for fraud, FED. R. CIV. P. 9(b) requires a party to "state with particularity the circumstances constituting fraud."  That entails setting forth the "particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DCS Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir.) (quoting *Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)), *reh'g and reh'g en banc denied*, 20 F.3d 1172 (5th Cir. 1994).

Here, the Garcias' allegations that are specific to their fraud claim are nothing more than legal conclusions.  In addition, the general allegations set forth by the Garcias in the background section of their pleading, even when they are taken in the light most favorable to them, do not include any statement or allegation that *Defendant* made a representation to the Garcias knowing that it was false at the time it was made. Although the Garcias allege that Sherronda, a representative of Fannie Mae, made misrepresentations to them about the status of the foreclosure sale, nowhere do the Garcias allege that Defendant GMAC Mortgage LLC made any such representation.  Moreover, even if Plaintiffs had alleged that the representations of "Sherronda" could be imputed to Defendant, the Garcias' fraud claim is not pled with the specificity requited by FED. R. CIV. P. 9(b).  As such, the Garcias' fraud claim is subject to dismissal.

### B.  Wrongful Foreclosure Claims

The Garcias have asserted two wrongful foreclosure claims, one titled "wrongful foreclosure due to fraud" and the other titled "wrongful foreclosure due to failure to properly notice." In support of the wrongful foreclosure due to fraud claim, the Garcias allege:

> The representations made by Defendant's employees to Plaintiffs were false, material and were made by each with the intention that Plaintiffs rely on those false and material misrepresentations. Plaintiffs did rely on those representations to their detriment. Plaintiffs have been damaged by the false representations and seek unliquidated damages within the jurisdictional limits of this court. Plaintiffs seek both actual and punitive damages for the intentionally fraudulent conduct of both. Additionally, Defendant would be unjustly enriched if they [sic] were to retain the real property.

Petition at 4. In support of the wrongful foreclosure due to failure to properly notice claim, the Garcias allege:

> It is believed that Defendant failed to follow Texas requirements for acceleration of note and for notice of foreclosure sale. Accordingly, Defendant's actions constitute a slander of Plaintiff's title to the subject property, for which Plaintiffs ask this Court to award judgment for actual and punitive damages in an amount to be determined by the trier of fact. Additionally, Plaintiffs ask[] this court to grant declaratory relief recognizing Plaintiff's superior title to the subject property.

Petition at 5.

To the extent the Garcias are asserting a "wrongful foreclosure claim" that is based on "fraud," such a claim fails the pleading requirements for the same reasons set forth above. To the extent the Garcias are asserting a wrongful foreclosure claim that is separate and apart from their fraud claim, such a wrongful foreclosure claim under Texas law requires proof of: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi 2008); *see also Sotelo v. Interstate Financial Corp.*,

224 S.W.3d 517, 523 (Tex. App.–El Paso 2007) ("The elements of wrongful foreclosure are (1) an irregularity at the sale; and (2) the irregularity contributed to an inadequate price."); *Pollett v. Aurora Loan Services*, 2011 WL 6412051 at *1 (5th Cir. 2011) (the elements of wrongful foreclosure are that the Plaintiff's "home sold for a grossly inadequate selling price and [ ] a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price.").

Here, there is not one allegation or factual assertion in the Garcias' pleading that there was any defect in the foreclosure process, that the Garcias were provided with improper or insufficient notice of the foreclosure proceedings, or that there was a grossly inadequate selling price. In the absence of such allegations, the Garcias' wrongful foreclosure claim(s) is based on nothing more than legal conclusions, which are insufficient under Rule 12(b)(6) and *Twombly*.

### C. Slander of Title

In support of their claim for slander of title, the Garcias allege:

> It is believed that Defendant and its predecessor have not received a conveyance of title and/or rights form the original mortgagee, Amerigroup Mortgage Corporation, nor from any legitimate successor in interest. Accordingly, Defendant's actions constitute a slander of Plaintiff's title to the subject property, for which Plaintiffs ask this Court to award judgment for actual and punitive damages in an amount to be determined by the trier of fact. Additionally, Plaintiffs ask this Court to grant declaratory relief recognizing Plaintiffs' superior title to the subject property.

Petition at 5.

In Texas, "'[s]lander of title is defined as a false and malicious statement made in disparagement of a person's title to property which causes special damages. " *Elijah Ragira/VIP Lodging Group, Inc. v. VIP Lodging Group, Inc.*, 301 S.W.3d 747, 758 (Tex. App.–El Paso 2009, review denied). The elements of a slander of title claim include "the uttering and publishing of disparaging words that were false and malicious, that special damages were sustained, and that the

injured party possessed an interest in the property disparaged. Further, the complaining party must demonstrate the loss of a specific sale." *Id.* at 759.

The Garcias' pleading contains no allegations to support a slander of title claim against Defendant. All the Garcias' pleading contains is a broad legal conclusion that Defendant's actions "constitute a slander of Plaintiff's title." Under Rule 12(b)(6) and *Twombly*, this is insufficient to state a claim.

### D. Promissory Estoppel

In support of their promissory estoppel claim, the Garcias allege:

> Defendant through its employees and agent entered into an oral contract for application and participation in the Making Homes Affordable program with Plaintiffs, then breached the agreement. Plaintiffs reasonably relied on Defendant's promises to their detriment. Plaintiffs ask this Court to set aside the foreclosure of the subject property by Defendant, and award a judgment for damages in an amount to be determined by the trier of fact for the false promises made by Defendant. In the alternative, Plaintiffs ask this Court to order Defendant to specifically perform by providing Plaintiffs with an opportunity to apply for a modification pursuant to said program, and to reform their loan in good faith pursuant to said program.

Petition at 5.

"To state a claim for promissory estoppel a plaintiff must plead (a) a promise, (b) foreseeability of reliance by the promisor, (c) substantial and reasonable reliance by the promisee to its detriment, and (d) enforcement of the promise is necessary to avoid injustice." *Motten v. Chase Home Finance*, 831 F.Supp.2d 988, 1002 (S.D. Tex. 2011) (Harmon, J.). A claim of promissory estoppel generally cannot be used to circumvent Texas' statute of frauds, which requires certain "promises" to be in writing. TEX. BUS. & COM. CODE § 26.02(b). It is only when the promise at issue is "a promise to sign an already existing written agreement that would satisfy the statute of frauds," that a promissory estoppel claim can survive the application of Texas' statute of frauds.

*George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, 2011 WL 6250785 at *8 (S.D. Tex. 2011) (Rosenthal, J.); *Leach*, 892 S.W.2d at 959 ("When seeking to estop the assertion of an otherwise valid Statute of Frauds defense, the oral promise relied upon must be to sign a written agreement that satisfies the statute, or there must be substantial reliance upon an oral misrepresentation that the statute has been satisfied.").

Here, the promise at issue is alleged to have created an "oral contract." Such an oral contract is unenforceable given Texas' Statute of Frauds. TEX. BUS. & COM. CODE § 26.02(b). In addition, the promise at issue is not alleged to have been a promise "to sign an existing written agreement that would satisfy the statute of frauds." Finally, while Texas law recognizes a limited "partial performance equitable exception" to the Statute of Frauds, *Singh v. JP Morgan Chase Bank, N.A.*, 2012 WL 669952 *7 (E.D. Tex.), *report and recommendation adopted*, 2012 WL 669983 (E.D. Tex. 2012), there are no allegations in the Garcias' pleadings, factual or otherwise, that invoke that exception. Because the allegations in the Garcias' pleading do not state a claim for promissory estoppel that could overcome, or circumvent, Texas' Statute of Frauds, the Garcias have not stated a claim for promissory estoppel.

### E.  Unreasonable Collection

In support of their unreasonable collection claim, the Garcias allege that "Defendant's conduct as cited above, including the wrongful foreclosure of its alleged interest in Plaintiff[s'] home, constitutes an unreasonable collection effort by Defendant. Accordingly, Plaintiffs ask this Court to award judgment for damages." Petition at 5.

A cause of action in Texas for unreasonable collection efforts is based on collection efforts that "amount to a course of harassment that was 'willful, wanton, malicious, and intended to inflict

mental anguish and bodily harm.'" *EMC Mortgage Corp. v. Jones*, 252 S.W.3d 857, 868-69 (Tex. App.–Dallas 2008) (citing *Montgomery Ward & Co. v. Brewer*, 416 S.W.2d 837, 844 (Tex. Civ. App.–Waco 1967, writ ref'd n.r.e.)). Here, aside from the foreclosure, there are no allegations or complaints in the Garcias' pleading about any debt collection efforts. In addition, there is nothing in the Garcias' pleadings describing any action on Defendant's part that could be considered "harassment." The Garcias have failed to state a plausible claim for unreasonable collection efforts, and therefore the claim is subject to dismissal.

### F.  Accounting

The Garcias allege that an accounting is warranted as follows: "Defendants [sic] have never provided an accounting of funds received prior to foreclosure and funds received at the foreclosure sale. Plaintiffs would ask that the Court issue an order compelling Defendants to provide a full accounting of Plaintiff[s'] account associated with the subject property, and to provide an accounting of all funds received or credited as a result of the foreclosure sale." Petition at 6. It is not clear from the Garcias' pleading whether they intended to assert a separate claim for an accounting, or whether they are seeking an accounting as a remedy. To the extent the Garcias intended to assert an equitable claim for an accounting, their allegations are insufficient to state such a claim with plausibility.

While "[a]n action for accounting may be a suit in equity[,] . . . [a]n equitable accounting is proper when the facts and accounts presented are so complex that adequate relief may not be obtained at law." *Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex. App.–Corpus Christi 2001), *abrogated on other grounds as recognized in Buck v. Palmer*, 2010 WL 5167704 (Tex. App.–Corpus Christi 2011). Here, there are no allegations that either the facts or the account at issue are complex, or that the Garcias cannot obtain the accounting information they seek through discovery. *See Brown v.*

*Cooley Enterprises, Inc.*, 2011 WL 2200605 (N.D. Tex. 2011).  Thus, the Garcias have not set forth any facts that would support a separate claim in equity for an accounting, and any such claim is subject to dismissal for failure to state a claim.

## IV.   Conclusion and Order

Based on the foregoing, the determination that Plaintiffs' pleading does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," and the fact that Plaintiffs, who are represented by counsel, did not file a response to Defendants' Motion for Judgment on the Pleadings and have not in any way indicated a desire to amend their pleadings, the Court

ORDERS that Defendant's Motion for Judgment on the Pleadings (Document No. 5) is GRANTED and Plaintiff's claims are DISMISSED for failure to state a claim.

Signed at Houston, Texas, this 18th day of January, 2013.

Frances H. Stacy
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VERONICA GARCIA and MICHAEL GARCIA, § § § | |
| Plaintiffs, § § | |
| V. § | CIVIL ACTION NO. H-12-2242 |
| § § | |
| GMAC MORTGAGE, LLC, § § § | |
| Defendant. § | |

## FINAL JUDGMENT

Based on the Memorandum and Order entered this date, which granted Defendant's Motion for Judgment on the Pleadings, it is

ORDERED that all Plaintiffs' claims, and this case, is DISMISSED without prejudice for failure to state a claim.

Signed at Houston, Texas, this _____ day of January, 2013.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE